UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL PUCKET, in his own capacity; AMY PUCKET, in her own capacity; LUKE PUCKET, by and through his parents and guardians, Daniel and Amy Pucket; BENJAMIN PUCKET, by and through his parents and guardians, Daniel and Amy Pucket, <br><br>  Plaintiffs, <br><br>  vs. <br><br> HOT SPRINGS SCHOOL DISTRICT NO. 23-2, and its SCHOOL BOARD, <br><br>  Defendants, <br><br> and <br><br> LAWRENCE LONG, in his official capacity as Attorney General of South Dakota, and MARK BARNETT, in his official capacity as Chief Deputy Attorney General of South Dakota, <br><br>  Intervenor Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. 03-5033-KES <br><br><br><br><br><br><br><br><br> ORDER |

The South Dakota Attorney General, Intervenor Defendants, moves for an award of attorney fees and costs. Plaintiffs oppose the motion. The motion is denied.

Plaintiffs filed their action in 2003 against the Hot Springs School District, the State of South Dakota, the Governor of South Dakota (official capacity), the South Dakota Attorney General (official capacity) and the Chief Deputy Attorney General (official capacity). The complaint sought declaratory and monetary relief under 42 U.S.C. § 1983. The litigation stems from the denial of public busing for plaintiffs' children, who attend a private, religious school.

The State of South Dakota was dismissed by the district court as a party based on the Eleventh Amendment and the doctrine of sovereign immunity. In 2005, plaintiffs agreed to the dismissal of the three state officials. The Attorney General was re-aligned in the suit as an intervenor defendant, however, because plaintiffs continued to challenge the constitutionality of provisions within the South Dakota constitution. Eventually, the district court granted summary judgment in favor of all defendants holding that from August 2002 to March 3, 2003, the Hot Springs School District initially did not have the statutory authority to bus plaintiffs' children to a private school, and for the period after March 3, 2003, the denial of busing did not violate plaintiffs' rights under the Free Exercise Clause, the Equal Protection Clause, the Free Speech Clause, or the Establishment Clause of the U.S. Constitution. On appeal, the Eighth Circuit Court of Appeals affirmed the district court, but on a different basis. 526 F.3d 1151 (8th Cir. 2008). It found that plaintiffs lacked standing to bring the case because they failed to formally renew their request for busing from the Hot Springs School District after March 3, 2003, and therefore failed to establish the requisite injury in fact. In its opinion, the Court of Appeals stated that plaintiffs "may well have deliberately" acted so as to "create a case or controversy" in an "attempt to manufacture a lawsuit." Id. at 1163.

The Attorney General petitioned this court[1] and the Eighth Circuit Court of Appeals for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988. The Eighth Circuit summarily denied the request.

---

[1] As an independent ground to deny relief, the court also finds that the Attorney General waived its right to claim attorneys' fees pursuant to D.S.D. LR 54.1 because it failed to file a motion for attorneys' fees within 30 calendar days after the entry of summary judgment.

"Section 1988 provides attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation." Fellowship Baptist Church v. BenTon, 815 F.2d 485, 499 (8th Cir. 1987). Courts have focused on several factors when determining whether a suit is frivolous, unreasonable, or groundless, namely: "whether the issue is one of first impression requiring judicial resolution and whether the controversy is sufficiently based upon a real threat of injury to the plaintiff." Id. Furthermore, the fact that plaintiffs' claims initially survived a motion to dismiss may be sufficiently suggestive of merit to justify a conclusion that plaintiffs' claims are not frivolous even though the claims are ultimately not successful. Section 1983 Litigation: Statutory Attorney's Fees, Vol. 2, § 10.2, p. 475-6. (3d ed.).

Here, the suit was one of first impression and had survived a motion to dismiss. (Docket 121). As a result, the Attorney General is not entitled to an award of attorney fees and costs. Accordingly, it is hereby

ORDERED that the Attorney General's motion for attorneys' fees (Docket 485) is denied.

Dated November 10, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE